# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:22-cr-00016-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>SHAWN THOMAS JOHNSON, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Motion for Money Judgment [Doc. 22].

The Defendant Shawn Thomas Johnson was charged in a Bill of Information with one count of bank fraud, in violation of 18 U.S.C. § 1344. [Doc. 1]. On March 11, 2022, the parties filed a Plea Agreement pursuant to which the Defendant agreed to plead guilty to the charge contained in the Bill of Information. [Doc. 3]. The Defendant entered his guilty plea on March 25, 2022. [Doc. 10].

The Government filed the present motion on July 19, 2022, seeking the entry of a forfeiture money judgment. [Doc. 22]. Thereafter, this matter was scheduled for a sentencing hearing to take place on August 18, 2022.

The Government, however, moved to continue the sentencing hearing so that the parties could attempt to resolve contested issues regarding financial penalties, including forfeiture. [See Doc. 25]. The Court granted the Government's motion [Text-Only Order entered Aug. 2, 2022], and to date, this matter has not been reset for sentencing.

After seeking numerous extensions of time to respond [see Text-Only Orders entered July 26, 2022, July 29, 2022, Aug. 2, 2022, and Sept. 2, 2022], the Defendant filed a Response to the Government's Motion for Money Judgment on September 8, 2022. [Doc. 29]. In his Response, the Defendant asks the Court to defer disposition of the Government's motion until the sentencing hearing. [Doc. 29]. In light of this request, the Defendant does not address the substantive issues presented by the Government's motion.

The Defendant's request to defer ruling on the Government's motion contravenes the forfeiture procedure contemplated by the Federal Rules of Criminal Procedure. Rule 32.2 requires the entry of a preliminary order of forfeiture "[a]s soon as practical after a verdict or finding of guilty…." Fed. R. Crim. P. 32.2(b)(1)(A). Additionally, this preliminary order must be entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final . . . ." Fed. R. Crim. P.

2

32.2(b)(3)(B). The Government must then publish the preliminary order of forfeiture. See Fed. R. Crim. P. 32.2(b)(6). The order becomes final as to the defendant "[a]t sentencing—or at any time before the sentencing consents." Fed. R. Crim. P. 32.2(b)(4)(A). In light of this procedure, the Court cannot defer ruling on the Government's motion until sentencing. As such, the Court will direct the Defendant to file a substantive response to the Government's Motion for Money Judgment within fourteen (14) days of the entry of this Order.

The forfeiture matter will be set for hearing by the Court, and the sentencing hearing will not be scheduled until after the Court has ruled on the forfeiture issues.

**IT IS, THEREFORE, ORDERED** that the Defendant shall respond to the Government's Motion for Money Judgment within fourteen (14) days of the entry of this Order. The Government shall have seven (7) days thereafter to file a reply.

**IT IS SO ORDERED.**   Signed: September 23, 2022

Martin Reidinger
Chief United States District Judge