# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:22-cr-00016-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **SECOND PRELIMINARY** |
| ) | **ORDER OF FORFEITURE** |
| vs. ) | **FOR SPECIFIC PROPERTY** |
| ) | |
| SHAWN THOMAS JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before this Court on the Government's Second Motion for Preliminary Order of Forfeiture for Specific Property. [Doc. 77].

**I.     BACKGROUND**

On March 11, 2022, Shawn Thomas Johnson ("Defendant") was charged in a one-count Bill of Information with bank fraud, in violation of 18 U.S.C. § 1344. [Doc. 1]. On March 25, 2022, Defendant pled guilty to Count One of the Bill of Information pursuant to a written Plea Agreement. [Doc. 3]. According to the Factual Basis submitted in support of the Plea Agreement, beginning in 2012, Defendant and other individuals acting at his direction fraudulently obtained millions of dollars in loans to purchase properties that Defendant effectively owned, managed, and rented through

various nominees and companies.  [See Doc. 4: Factual Basis at ¶ 4]. Through this scheme, Defendant "and his co-conspirators closed on at least sixteen loans from financial institutions, totaling over $3.5 million, to purchase real estate." [Id. at ¶ 6]. Once these properties were acquired, Defendant used them to generate income as short-term rentals. [Id.].

In the Plea Agreement, Defendant agreed to the entry of a forfeiture money judgment [Doc. 3 at ¶ 8(b)] and further agreed that the Government had satisfied the factors set forth in 21 U.S.C. § 853(p) so that the forfeiture money judgment may be satisfied through the forfeiture of substitute property. [Id. at ¶ 8(d)]. On April 27, 2023, this Court entered an Order granting the Government a forfeiture money judgment in the amount of $2,778,237.00, representing the "net proceeds of . . . Defendant's bank fraud offense." [Doc. 57 at 14].

Previously, the Government moved, pursuant to Rule 32.2(b) and (e) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 982(a)(2), and 21 U.S.C. § 853(p), for the entry of a preliminary order of forfeiture as to a number of Defendant's assets, which this Court granted on September 7, 2023, partially satisfying the forfeiture money judgment ("First Preliminary Order of Forfeiture"). [See Docs. 59, 62, 63, 69]. The Government now moves for the additional forfeiture of the following assets: proceeds derived

2

from the foreclosure sale of 24 Apogee Drive and 648 Sand Hill Road; proceeds derived from the sale of 99999 Sand Hill Road; and proceeds derived from the sale of tiny houses owned by Defendant. The Government contends that these funds constitute, or were derived from, proceeds that Defendant obtained directly or indirectly as the result of fraud, and/or are substitute property. [Doc. 77].

On November 2, 2023, Defendant moved for an extension of time to respond to the Government's motion for forfeiture, which this Court granted on November 3, 2023, thereby extending Defendant's response deadline through November 14, 2023. [Doc. 81]. The extended deadline has now passed, and Defendant has not responded. Therefore, the Government's motion is ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 982(a)(2), any person convicted of bank fraud in violation of 18 U.S.C. § 1344 shall forfeit to the United States "any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." 18 U.S.C. § 982(a)(2). Where the Government seeks forfeiture of specific property, the Government must establish "the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). Where the Government seeks a personal money

judgment, this Court "must determine the amount of money that the defendant will be ordered to pay." Id.  Once a forfeiture money judgment is entered, this Court has the authority to order the forfeiture of substitute assets to satisfy a forfeiture money judgment, provided that the Government satisfies the substitute property provisions of 21 U.S.C. § 853(p)(1)(A)-(E). Fed. R. Crim. P. 32.2(e); 21 U.S.C. § 853(p)(2).  The Government has the burden of proving forfeiture by a preponderance of the evidence.  United States v. Cherry, 330 F.3d 658, 670 (4th Cir. 2003).

## III.  FACTUAL BACKGROUND

The assets subject to forfeiture and the transactions that resulted in these assets are as follows:

### A.  24 Apogee Drive Proceeds

In Spring 2023, one or more lenders foreclosed upon 24 Apogee Drive, one of the properties this Court identified as having a nexus to the fraud and that was previously titled to GRB Apogee Drive, LLC.  GRB Apogee Drive, LLC, was previously registered with the North Carolina Secretary of State but has now been administratively dissolved.  [Doc. 59-4].  Defendant was the CEO and Registered Agent of GRB Apogee Drive, LLC.  [Id.].  According to the Buncombe County Clerk of Court Final Report and Account of Foreclosure sale, the sale generated $90,034.03 in surplus proceeds, which

4

remain in the possession of the Clerk. [Doc. 77-1]. The Government contends that these funds constitute or are derived from fraud proceeds.[1]

### B. 648 Sand Hill Road Proceeds

In Spring 2023, one or more lenders foreclosed upon 648 Sand Hill Road, one of the properties this Court identified as having a nexus to the fraud and that was previously titled to GRB Sand Hill Road Co. GRB Sand Hill Road Co. is registered with the North Carolina Secretary of State, is engaged in the business of "Real Estate," and as of its 2022 annual filing, listed Defendant as its Chief Executive Officer and Vice President. [Doc. 77-4]. According to the Buncombe County Clerk of Court Final Report and Account of Foreclosure sale, the sale generated $8,473.66 in surplus proceeds, which remain in the possession of the Clerk. [Doc. 77-5]. The Government contends that these funds constitute or are derived from fraud proceeds.

---

[1]The Government initially requested [Doc. 59] and the Court initially ordered [Doc. 69] preliminary forfeiture of $3,980 in proceeds of the foreclosure sale-proceeds that the Government believed, based on an interview of Defendant's property manager, Julie Nash, was already deposited or being deposited into the trust account of the property manager's attorney, Sean Devereux. However, based on recent communications with Mr. Devereaux, the Government now believes that Mr. Devereux never held the $3,980 and, instead, the Buncombe County Clerk of Court is now holding $90,034.03. Thus, the $90,034.03 will be preliminarily forfeited, and any final orders issued in this case will not reflect seizure or final forfeiture of the $3,980 identified in the First Preliminary Order of Forfeiture [Doc. 69].

5

### C. 99999 Sand Hill Road Proceeds

On July 11, 2023, Defendant, through his entity, GRB Sand Hill Road Co., sold 99999 Sand Hill Road (Parcel ID 9627-58-9967-00000). [Doc. 77-6]. This sale resulted in the distribution of $13,231.14 in funds that are now being held in the trust account of attorney Sean P. Devereux. The Government contends that these funds are substitute property.

### D. Tiny House Proceeds

According to Defendant's property manager, Julie Nash, in or around 2021 and 2022, Defendant purchased a number of tiny houses to be used for short-term vacation rentals. [Doc. 77 at 6]. At the direction of and on behalf of Defendant, Nash sold these tiny houses in 2023. [Id.]. According to Nash and Devereux, these sales generated net proceeds of $40,000.00 in funds that are now being held in Devereux's trust account. [Id.]. The Government contends that these funds are substitute property.

## IV. DISCUSSION

As noted above, on April 27, 2023, this Court entered an Order granting the Government a forfeiture money judgment in the amount of $2,778,237.00. [Doc. 57]. Therein, this Court identified the properties at 24 Apogee Drive and 648 Sand Hill Road as proceeds of Defendant's fraud, and thereby as being subject to forfeiture. [Id.]. While Defendant has not

6

Case 1:22-cr-00016-MR-WCM   Document 108   Filed 01/16/24   Page 6 of 9

responded to the Government's present motion, Defendant conceded in an earlier filing that the properties identified in the Bill of Information and/or this Court's earlier Order granting the Government a forfeiture money judgment are subject to forfeiture because they are the proceeds of his fraud. [See Doc. 62 at 1]. Additionally, in its Order granting the Government's first Motion for Forfeiture of Specific Property [Doc. 69], this Court concluded that the Government had satisfied the provisions of 21 U.S.C. § 853(p) such that the Government can pursue substitute assets in satisfaction of the forfeiture money judgment against Defendant. [See Doc. 69 at 9-12]. Specifically, substitute assets—such as the proceeds from the sale of 99999 Sand Hill Road and the tiny houses—may be pursued here because many of Defendant's forfeitable properties have been rendered unavailable for forfeiture by his actions, as this Court explained in its earlier Order. Accordingly, the Government's second motion for a preliminary order of forfeiture is granted.

**IT IS, THEREFORE, ORDERED** that the Government's Second Motion for a Preliminary Order of Forfeiture for Specific Property [Doc. 77] is **GRANTED** as follows:

1. Based upon Defendant's conviction, the evidence, and the information on the record, the United States is authorized to take and

maintain possession of the following property belonging to Defendant, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third-party claims and interests, pending final adjudication herein:

- Approximately $90,034.03 in funds derived from the sale of 24 Apogee Drive, Asheville, North Carolina, which are currently held by the Buncombe County Clerk of Court, such funds constituting or having been derived from fraud proceeds, this amount being in lieu of and not in addition to the $3,980.00 previously applied to the forfeiture money judgment in the Court's prior Order [Doc. 69] regarding this property;

- Approximately $8,473.66 in funds derived from the sale of 648 Sand Hill Road, Asheville, North Carolina, which are currently held by the Buncombe County Clerk of Court, such funds constituting or having been derived from fraud proceeds;

- Approximately $13,231.14 in funds derived from the sale of 99999 Sand Hill Road, Asheville, North Carolina, which are currently in the possession of attorney Devereux, such funds subject to forfeiture as substitute property; and

- Approximately $40,000.00 in funds derived from the sale of the tiny homes, which are currently in the possession of attorney Devereux, such funds subject to forfeiture as substitute property.

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this Order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person,

other than Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no third parties file petitions within the period permitted by law, this Order shall become final by operation of law.

4. All finally forfeited assets shall be credited against the outstanding balance of the Money Judgment Order issued by this Court.

**IT IS SO ORDERED.**

Signed: January 16, 2024

Martin Reidinger
Chief United States District Judge