**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00016-MR-WCM**

SHAWN THOMAS JOHNSON, )
)
Petitioner, )
)
vs. )            **O R D E R**
)
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____ )

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 114] and Petitioner's Motion to Proceed in Forma Pauperis [Doc. 116].

On March 11, 2022, Shawn Thomas Johnson ("Petitioner") was charged in a one-count Bill of Information with bank fraud, in violation of 18 U.S.C. § 1344. [Doc. 1]. On March 25, 2022, Petitioner pled guilty to Count One of the Bill of Information pursuant to a written Plea Agreement. [Doc. 3]. According to the Factual Basis submitted in support of the Plea Agreement, beginning in 2012, Petitioner and other individuals acting at his direction fraudulently obtained millions of dollars in loans to purchase

properties that Petitioner effectively owned, managed, and rented through various nominees and companies.  [See Doc. 4: Factual Basis at ¶ 4]. Through this scheme, Petitioner "and his co-conspirators closed on at least sixteen loans from financial institutions, totaling over $3.5 million, to purchase real estate."  [Id. at ¶ 6].  Once these properties were acquired, Petitioner used them to generate income as short-term rentals.  [Id.].

In the Plea Agreement, Petitioner agreed to the entry of a forfeiture money judgment [Doc. 3 at ¶ 8(b)] and further agreed that the Government had satisfied the factors set forth in 21 U.S.C. § 853(p) so that the forfeiture money judgment may be satisfied through the forfeiture of substitute property.  [Id. at ¶ 8(d)].  On April 27, 2023, this Court entered an Order granting the Government a forfeiture money judgment in the amount of $2,778,237.00, representing the "net proceeds of . . . [Petitioner's] bank fraud offense."  [Doc. 57 at 14].

On September 7, 2023, the Court entered a Preliminary Order of Forfeiture regarding the forfeiture and disposition of certain property deemed fraud proceeds.  [Doc. 69].  Petitioner filed a pro se notice of appeal from this Order [Doc. 70], which the Court struck as an improper interlocutory appeal filed pro se by a represented defendant [Doc. 83].

On December 14, 2023, the Court sentenced Petitioner to a term of imprisonment of 92 months and ordered that Petitioner must forfeit his interest in property as set forth in the Preliminary Order of Forfeiture. [Doc. 92 at 2, 6: Judgment]. On December 20, 2023, Petitioner filed a pro se motion to reduce his sentence and a pro se notice of appeal from the Court's Judgment. [Docs. 94, 95]. The Court struck these improper filings for the reasons stated in its Order. [Doc. 106]. For one, by then, a proper notice of appeal had already been filed by Petitioner's counsel. [Doc. 106; see Doc. 99]. On January 16, 2024, the Court entered a Second Preliminary Order of Forfeiture regarding the proceeds from the sale of additional properties constituting or derived from fraud proceeds. [Doc. 108]. On January 26, 2024, Petitioner appealed this Order. [Doc. 110]. Both appeals remain pending.

Petitioner filed the instant § 2255 Motion to Vacate on January 29, 2024.[1] [Doc. 114]. In his motion to vacate, Petitioner challenges the loss amount used to calculate the applicable guidelines range, the denial of his pro se motion to reconsider his sentence as procedurally improper, and the amount of the forfeiture order. [Id. at 4-5, 7]. Petitioner also asserts a claim

_____

[1] The Court will grant Petitioner's motion to proceed in forma pauperis [Doc. 116] for the limited purpose of this Order.

of ineffective assistance of counsel for failure to move to amend the forfeiture order prior to sentencing.  [Id. at 8].

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

Here, however, Petitioner has directly appealed his sentence, including the forfeiture order, and his appeals remain pending.  A Section 2255 motion attacking the same conviction and sentence that is the subject of a pending, direct appeal is premature.  See United States v. Gardner, 132 F.App'x. 467, 468 (4th Cir. 2005).  As such, the Court will dismiss the Petitioner's motion without prejudice and without addressing its merits.  The Petitioner may refile a Section 2255 Petition, if at all, once his appeals have been decided.

4

# O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 114] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [Doc. 116] is **GRANTED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: March 15, 2024

Martin Reidinger
Chief United States District Judge