IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00016-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> SHAWN THOMAS JOHNSON, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's Motion to Seal his Sentencing Memorandum [Doc. 88].

Defendant argues that the Court should seal his Sentencing Memorandum [Doc. 87] and his exhibits [Docs. 87-1; 87-2; 87-3] because they "reference confidential matters including portions of the PSR as well as confidential medical information." [See Doc. 88 at 1].

Before sealing a document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco,

Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, a party is still required to file in the public record a redacted memorandum with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, Defendant has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective. He provides only grounds for why *portions* of his Memorandum and exhibits may be sealed. However, even when grounds are sufficient to allow sealing portions of a pleading, a party is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed. See id. Further, Defendant's motion fails to identify with sufficient specificity the applicable portions of his Memorandum and exhibits sought to be sealed such as to allow for the Court to make findings specific enough to determine whether sealing of those portions is consistent with the First Amendment or common law right to public access. Moreover, certain portions of Defendant's exhibits appear to contain material that is already publicly available and therefore, that is not appropriate for sealing.

As such, Defendant's motion fails to provide a sufficient basis to support a decision to seal his Memorandum and exhibits, and for rejecting the alternatives to sealing. For these reasons, Defendant's motion is denied.

2

Case 1:22-cr-00016-MR-WCM   Document 126   Filed 04/17/24   Page 2 of 3

The Court, however, will allow his Memorandum and exhibits to remain temporarily under seal pending Defendant filing a renewed Motion to Seal that identifies with specificity the portions of his Memorandum and exhibits sought to be sealed and provides a sufficient basis for the sealing thereof.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Seal his Sentencing Memorandum [Doc. 88] is hereby **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant shall file a Motion to Seal that identifies with specificity the portions of his Memorandum and exhibits to be sealed and provides sufficient basis for the sealing thereof, as well as a publicly accessible version of his Memorandum and exhibits that redacts only those portions sought to be sealed within seven (7) days of the entry of this Order. Defendant's Memorandum [Doc. 87] and exhibits [Docs. 87-1; 87-2; 87-3] shall remain temporarily under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: April 17, 2024

Martin Reidinger
Chief United States District Judge