IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00016-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> SHAWN THOMAS JOHNSON, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Motion to Seal its Sentencing Memorandum [Doc. 86].

The Government argues that the Court should seal its Sentencing Memorandum [Doc. 85] and its exhibits [Docs. 85-1; 85-2] because they "contain[] personal information and identities of people who provided statements to this Court for use at sentencing, bank records, and other confidential records." [See Doc. 86 at 1].

Before sealing a document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to

seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).  Where sealing is allowed, a party is still required to file in the public record a redacted memorandum with only those portions that are allowed to be sealed having been redacted.  United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, the Government has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective.  The Government provides only grounds for why *portions* of its Memorandum and exhibits may be sealed.  However, even when grounds are sufficient to allow sealing portions of a pleading, a party is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed.  See id.  Further, the Government's motion fails to identify with sufficient specificity the applicable portions of its Memorandum and exhibits sought to be sealed such as to allow for the Court to make findings specific enough to determine whether sealing of those portions is consistent with the First Amendment or common law right to public access.  Moreover, certain portions of the Government's exhibits appear to contain material that is already publicly available and therefore, that is not appropriate for sealing.

As such, the Government's motion fails to provide a sufficient basis to support a decision to seal its Memorandum and exhibits, and for rejecting

the alternatives to sealing. For these reasons, the Government's motion is denied. The Court, however, will allow the Government's Memorandum and exhibits to remain temporarily under seal pending the Government filing a renewed Motion to Seal that identifies with specificity the portions of its Memorandum and exhibits sought to be sealed and provides a sufficient basis for the sealing thereof.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Seal its Sentencing Memorandum [Doc. 86] is hereby **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Government shall file a Motion to Seal that identifies with specificity the portions of its Memorandum and exhibits to be sealed and provides sufficient basis for the sealing thereof, as well as a publicly accessible version of its Memorandum and exhibits that redacts only those portions sought to be sealed within seven (7) days of the entry of this Order. The Government's Memorandum [Doc. 85] and exhibits [Docs. 85-1; 85-2] shall remain temporarily under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: April 17, 2024

Martin Reidinger
Chief United States District Judge